## WASHINGTON FIDELITY NAT. INS. CO. v. BURTON.

### No. 5264.

Court of Appeals of District of Columbia.

Argued Dec. 11, 1931.

Decided Jan. 25, 1932.

Walter C. Clephane, J. Wilmer Latimer, and Gilbert L. Hall, all of Washington, D. C., for plaintiff in error.

W. Gwynn Gardiner and George A. Maddox, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This case is here upon writ of error to the Municipal Court of the District of Columbia.

Defendant in error was plaintiff there in an action against plaintiff in error, defendant there, upon a policy of insurance for $372, issued on the life of her late husband Cady Burton, who died in this District, May 22, 1929.

The policy was dated December 12, 1927, and plaintiff was the beneficiary designated therein.

The defense offered was that the insured was not in sound health at the date of the policy, and therefore that the company could, as therein provided, declare the policy void.

The trial court refused to hear any evidence to maintain that defense because no copy of the application for insurance had been delivered with the policy as provided by section 657, Code, D. C. (now title 5, § 183, page 20), reading as follows: "Copy of application to be delivered with policy.—Each life insurance company, benefit order and association doing a life insurance business in the District of Columbia shall deliver with each policy issued by it a copy of the application made by the insured so that the whole contract may appear in said application and policy, in default of which no defense shall be allowed to such policy on account of anything contained in, or omitted from, such application. (Mar. 3, 1901, 31 Stat. 1294, c. 854, § 657; June 30, 1902, 32 Stat. 534, c. 1329.)"

Defendant contended its defense was not precluded by that section because its policy provided, "This policy constitutes the entire agreement between the company and the insured the holder and owner hereof."

And that it was not defending on the application or anything contained therein.

But if it was not defending on the application, as such, it was defending on something contained in or omitted from the application.

The section of the policy on which it relied to avoid its obligation read: "If (1) the insured is not alive, or is not in sound health on the date hereof; or if * * * the insured * * * has, within two years before the date hereof, been attended by a physician for any serious disease or complaint, * * * then in any such case, the company may declare the policy void and the liability of the company in the case of any such declaration or in the case of any claim under the policy, shall be limited to the return of premiums paid on the policy, except in the case of fraud in which case all premiums will be forfeited to the company."

That policies of life insurance are issued upon applications containing applicant's version and representations as to those matters and things is common knowledge.

To the end that he, his beneficiary, and, if need be, the courts, might see exactly what he said in that connection, the statute provides that he, as well as the company, shall possess the entire contract. Metropolitan Life Insurance Company v. Burch, 39 App. D. C. 405.

And to accomplish that purpose it provides that unless the company delivers with the policy a copy of the application, no defense shall be allowed to such policy on account of anything contained in or omitted from the application.

That the defense in this case is upon something contained in or omitted from the application, there can be no doubt.

And the company cannot avoid operation of the statute by including in its policy some statements of the application, while omitting the application itself. Metropolitan Insurance Company v. Hawkins, 31 App. D. C. 498, 14 Ann. Cas. 1092.

Nor does the ex parte assertion of the policy that it alone constitutes the entire agreement between the parties alter the situation, for the statute intended to assist determination of rights under the policy by including therein the application therefor.

And where such an application has been made and acted upon but omitted from the policy, the statute precludes a defense under the policy alone, if based upon matters to which the application relates.

The judgment is affirmed.